ACCEPTED
03-12-00620-CR
4827426
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/9/2015 1:53:35 PM
JEFFREY D. KYLE
CLERK

NO. 03-12-00620-CR

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/9/2015 1:53:35 PM
JEFFREY D. KYLE
Clerk

HENRY GONZALES, JR.,
Appellant

V.

THE STATE OF TEXAS,
Appellee

## APPELLANT'S MOTION FOR EN BANC RECONSIDERATION

APPEAL FROM THE 299TH JUDICIAL DISTRICT COURT
OF TRAVIS COUNTY, TEXAS
CRIMINAL ACTION NO. D-1-DC-12-904023
HONORABLE KAREN SAGE, JUDGE PRESIDING

RICHARD D. REED
316 W. 12th Street, Suite 313
Austin, Texas 78701-1820
512-322-9443
rick.reed@maverickcounsel.com
State Bar No. 16686100
LEAD COUNSEL FOR APPELLANT

HENRY GONZALES, JR.,
Appellant

V.

THE STATE OF TEXAS,
Appellee

**APPELLANT'S MOTION FOR EN BANC RECONSIDERATION**

TO THE HONORABLE JUSTICES OF SAID COURT:

NOW COMES Appellant, Henry Gonzales, Jr., by and through his attorney of record, Richard D. Reed, and, pursuant to the provisions of Rule 49.7, Texas Rules of Appellate Procedure, files this motion for en banc reconsideration in the above-referenced case. In support of such motion, Appellant would show unto the Court as follows:

I.

On December 4, 2014, a three-judge panel of this Court consisting of Justices Puryear, Goodwin, and Field, issued a memorandum opinion in the above-referenced case affirming the trial court's judgment of conviction. *Gonzales v. State*, No. 03-12-00620-CR (Tex. App—Austin Dec. 4, 2014) (mem. op.). After determining that the

trial court abused its discretion in prohibiting defense counsel from asking the prospective jurors who had been summoned to hear Appellant's case whether they could follow the law and acquit if they were not convinced beyond a reasonable doubt of Appellant's guilt, the Court conducted a harm analysis of the error. *Id.* The Court ultimately concluded that the trial court's error "did not have a substantial and injurious influence in determining the jury's verdict." *Id.* Accordingly, the Court overruled Appellant's first point of error. *Id.*

## II.

On December 19, 2014, Appellant filed a motion for rehearing in the above-referenced case. On March 25, 2015, the Court denied that motion.

## III.

The Court erred in conducting a harm analysis of the error committed by the trial court in prohibiting defense counsel from asking the jury venire, "Whether they can follow the law and acquit if they are not convinced beyond a reasonable doubt of [Appellant's] guilt?" As pointed out on pages 42 through 55 of Appellant's Brief, the error committed by the trial court in prohibiting defense counsel from asking the aforesaid question, although not one that has been expressly labeled by the United States Supreme Court as "structural," constitutes structural error of a federal constitutional nature tantamount to the error committed by the trial court in *Sullivan v. Louisiana*, 508 U.S. 275 (1993), because it is a "defect affecting the framework within

2

which the trial proceeds, rather than simply an error in the trial process itself." Proper treatment of the aforesaid error as one that "automatically establishes harm" would result in reversal of the trial court's judgment of conviction.

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this case be resubmitted to the Court for en banc review and that, after such review, the Court sustain Point of Error No. 1 presented in Appellant's Brief, reverse the judgment of conviction rendered by the trial court, and remand the case for a new trial.

Respectfully submitted,

RICHARD D. REED
316 W. 12th Street, Suite 313
Austin, Texas 78701-1820
512-322-9443
rick.reed@maverickcounsel.com
State Bar No. 16686100
LEAD COUNSEL FOR APPELLANT

## PROOF OF SERVICE

I hereby certify that on this, the ninth, day of April, A.D. 2015, I personally served a copy of the above-and-foregoing Appellant's Motion for En Banc Reconsideration upon Rosemary Lehmberg, District Attorney of Travis County, Texas, whose address is 509 West 11th Street, Suite 1.100, Austin, Texas 78701-2103, by delivering a copy of the said motion to one of her employees at her office.

_____
Richard D. Reed

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3), Texas Rules of Appellate Procedure, I hereby certify that the above-and-foregoing Appellant's Motion for En Banc Reconsideration contains a total of 406 words exclusive of the caption, signature, proof of service, and certificate of compliance.

_____
Richard D. Reed